Weight, J.,
delivered the opinion of the Court.
This is an action of ejectment brought by the plaintiffs, as the heirs of Frances W. Porter, to recover the-one undivided half of 716 acres of land in Weakley county.
Yerdict and judgment being against them, upon the statute of limitations; they have appealed in error to this Court.
This case is governed by the principles of Guion v. Anderson, reported in 8 Hum., 298. It is there held, that by marriage the husband gains an estate of freehold in the inheritance of his wife, in her right, which may continue during their joint lives; and may, by possibility, last during his own life. He is not, however,, solely seized, but jointly with his |wife. During the existence of the coverture he is not tenant by the curtesy, and cannot be, unless he survive his wife; and, therefore, has no particular interest or estate, separate from the fee simple estate in his wife. If there be a dis-seizin during the coverture, it is a disseizin of the entire joint estate, and they must jointly bring suit to' recover the possession. And if they fail to do so, their joint right of action will be barred by seven years adverse possession; and the husband’s interest barred and extinguished, so that if he even survive his wife, he has no estate or interest; and if she survive him, she has, by the proviso in the statute, only three years next after their coverture shall cease, within which to sue. And if he survive her, her heirs, though under the disabilities of infancy, coverture, &6., must, by the same statute, sue within three years next after her death, *677 ©r be forever barred. Cumulative disabilities, or other ©vent, not being allowed to arrest or suspend the statute after it has commenced running.
The case is entirely different where there is no joint right of suit in husband and wife, as where the husband makes a conveyance of the lands of the wife, she not joining therein. Where the husband, by his deed, has estopped himself from suing, and the wife cannot sue alone; nor can she, or her heirs, sue the husband’s ven-dee, until after the husband’s death, and the case becomes one of particular estate and remainder, with the right of seven years, in the wife, or her heirs, to sue next after the husband’s death. Guion v. Anderson, 8 Hum., 327; McCorry v. King’s Heirs, 3 Hum., 267; Miller v. Miller, Meig’s Rep., 484.
These rules applied to the present case, are decisive •of it.
The tract of land in dispute, belonged to the said Prances W., and her sister, Helen M., in equal moities? as tenants in common in fee simple.. In 1822, the former intermarried with James ' B. Porter, ’by whom she had, in the year 1829, an only daughter; and she and her husband, with the three other children ©£ the said Frances W., by Mr. Bond, her first husband, are plaintiffs in this action.
The said Frances W. died February the 4th, 1850, and her husband, the ©aid James1 B. Porter, died- in October, 1854.
At her death, all her children, save her son William, were femes covert, and have so continued ever since.
The said Helen M. intermarried,"in 1808, with David Yarbrough, and he died in 1841. Prior to his death, *678 and in the years 1888 and 1839, the said David Yar-brough, and wife, Helen M., by their joint deeds, and in some cases, the said David by -his deeds, assumed to convey, and did convey, by their attorney in fact, the-entire tract of land in dispute, to the defendants, who immediately took actual possession, and have held it ever since, claiming the entire and whole interest in said land as their own.
These deeds were absolute conveyances in fee simple, by metes and bounds, and -with full covenants of warranty ; and they, and the power of attorney, were immediately registered.
This suit was commenced the 9th of January, 1857,-more than three years after the death of the said Frances W. Porter, the ancestor of plaintiffs.
Neither the said James B. Porter, or the said Frances W., his wife, had anything to do with the conveyances by Yarbrough, and Yarbrough and wife. The effect of these deeds, and the possession under them, was an actual ouster of Porter and wife; and they had a joint right of action at once, against the vendees of Yarbrough and wife, to recover their half of this land but having failed to sue until the joint right was barred^, and the plaintiffs having also failed to sue until more than three years after the death of the said Frances W., it follows they are barred.
It is true, as argued, that the legal effect of the deeds of Yarbrough and wife, and Yarbrough, upon the title, was only to pass such interest and estate as they had in this land, and to leave untouched the title of Porter and wife to the other moiety. Meig’s Rep., 484.
But it is not true that the possession of defendants, *679 under these deeds, was not adverse to Porter and wife. On the contrary, it seems to be well settled in this State and elsewhere, that if one tenant in common assume to convey the entire land, or any specific part of it, by metes and bounds, his deed will be a color of title; and possession under it for seven years, will be adverse to the right and title of the co-tenants, and bar their action to recover the land conveyed. It is an actual ouster anu disseizin of the co-tenant, which he is bound to notice; and in order to create this adverse relation, no formal, or other notice from the vendee in possession, is necessary. Waterhouse v. Martin, Peck’s Rep., 392, 411; Thurman v. Shelton, 10 Yer., 383, 388; Angell on Lim., 97, 98; Higber v. Price, 5 Mass., 352: 5 Cowen, 483; Cullen v. Matzer, 13 Serg. & R., 356; 2 Green. Ev., secs. 430, 557.
The cases from North Carolina to which we have been referred, we do not understand to differ, in principle, from the doctrine of our own Courts, as above laid down. 3 Dev., 317; 4 Dev., 290.
If, however, there be the difference supposed, our own decisions furnish the rule by which we must be guided.
Judgment affirmed.